## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES THORNBERG, | Case No. 18-CV-0502 (DWF/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner James Thornberg was convicted after a jury trial in this District of escape from a federal prison. During the criminal proceedings, Thornberg pleaded not guilty to the offense by reason of insanity, and the district court granted his request for a psychiatric evaluation. A forensic psychologist employed by the Federal Bureau of Prisons completed the evaluation and "determined that Thornberg did not suffer from a severe mental disease or defect that rendered him unable to appreciate the nature and quality or wrongfulness of his acts at the time of his escape." *United States v. Thornberg*, 676 F.3d 703, 705 (8th Cir. 2012). Thornberg requested appointment of a second evaluation, but the request was denied.

Thornberg — who remains on supervised release as a result of the offense, and who resided in Minnesota at the time he initiated this action — has filed a petition for a writ of habeas corpus challenging the court's refusal to appoint a second psychological evaluator as being in violation of *Ake v. Oklahoma*, 470 U.S. 68 (1985), and *McWilliams v. Dunn*, 137 S. Ct. 1790 (2017). *See* 28 U.S.C. § 2241. Thornberg also

1

alleges that his defense counsel was ineffective in failing to press the issue of the second mental-health expert appointment in light of *Ake*. The petition is before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court concludes that it lacks jurisdiction over the petition and will recommend dismissal without prejudice on that basis.

Thornberg's petition is a direct challenge to the legality of his conviction. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."[2] *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition, unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is

---

[1] Although Thornberg's petition is not subject to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases nevertheless apply.

[2] The District of Minnesota is also the district of conviction, but Thornberg's habeas petition cannot be reinterpreted as a motion under § 2255, as Thornberg has previously sought relief under § 2255. Any subsequent motion under that provision would be second or successive and therefore require authorization from the Eighth Circuit Court of Appeals before it may be brought. *See* 28 U.S.C. § 2255(h)(2). Far from granting authorization to Thornberg, the Eighth Circuit has already rejected Thornberg's request to reassert his claims under *Ake* and *McWilliams* in a second-or-successive § 2255 motion. *See In re Thornberg*, No. 17-2703 (8th Cir. 2017).

inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred as "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present his claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

*Ake* held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Ake*, 470 U.S. at 83. Thornberg had a procedural opportunity to press his claims under *Ake*,

and he already has fully availed himself of that opportunity; claims related to *Ake* made up the *entirety* of Thornberg's direct appeal.  See *Thornberg*, 676 F.3d at 706-07.

For obvious reasons, then, Thornberg pins his hopes for showing that he could not have brought his claims earlier, and that § 2255 is therefore inadequate and ineffective, largely on *McWilliams*, which was decided in 2017, after Thornberg's appeal and § 2255 proceedings had concluded.  But *McWilliams* stated nothing new that Thornberg could not have presented — or, more accurately, did not present — earlier.  *McWilliams* concerned habeas corpus review of a claim raised by a state-court prisoner under *Ake* that the Alabama state courts had failed to provide him with expert mental-health assistance.  *See McWilliams*, 137 S. Ct. at 1793.  Because *McWilliams* was a habeas corpus proceeding, the Supreme Court's review was limited to determining whether the disposition of the Alabama courts was "contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  The Supreme Court determined that the petitioner in *McWilliams* did not receive constitutionally adequate mental-health assistance, and that the Alabama courts' findings to the contrary were an unreasonable application of federal law.  *McWilliams*, 137 S. Ct. at 1799-801.

That *McWilliams* arose on habeas corpus review is instructive.  Had *McWilliams* broken new ground — that is, if *McWilliams* offered something that Thornberg could not have been expected to raise during his criminal proceedings or in a motion under § 2255 — the Supreme Court *could not* have used that novel holding as a basis for finding in favor of the petitioner, as the standard of review concerned only whether the Alabama courts had unreasonably applied *clearly established* federal law.  *See* 28 U.S.C.

4

§ 2254(d)(1). The clearly established federal law at issue in *McWilliams* — the holding of *Ake* — is the same clearly established federal law that was pressed vigorously by Thornberg on direct appeal. Thornberg therefore had his unobstructed procedural opportunity to present his claims under *Ake*, and those claims were found wanting. *McWilliams* offers him nothing in addition. Thornberg cannot now reassert those claims, whether styled as claims under *Ake* or as claims under *McWilliams*, through a petition for a writ of habeas corpus.

Thornberg's remaining claim — that his attorneys were constitutionally inadequate in failing to succeed in prosecuting his claims under *Ake* — is merely a variation on the same theme. But just as Thornberg could have raised (and did raise) a claim under *Ake* on direct appeal, he could have raised ineffective-assistance claims in his § 2255 proceedings, including ineffective-assistance claims grounded in his attorneys' duties under *Ake*. Again, Thornberg had an earlier unobstructed procedural opportunity to present the arguments that he wishes to present in his habeas corpus petition. But because he had an unobstructed procedural opportunity earlier, it is now too late for him to do so. *See* 28 U.S.C. § 2255(e).

Accordingly, it is recommended that this matter be dismissed without prejudice for lack of jurisdiction. Thornberg's motion for service of the petition and a response from the government [ECF No. 4] may be denied, as no response is necessary.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Thornberg's motion for service and response [ECF No. 4] be DENIED.

Dated: May 7, 2018                    *s/Franklin L. Noel*
                                      Franklin L. Noel
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).